SO ORDERED.

Dated: April 1, 2021

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>**ROBERT ALLEN WOLLNER,**<br><br>Debtor. | Chapter 7 Proceeding<br><br>Case No.: 2-20-bk-00841-DPC<br><br>Adversary No.: 2:20-ap-00195-DPC |
| **ROBERT ALLEN WOLLNER,**<br><br>Plaintiff,<br><br>v.<br><br>**SPANISH HILLS CONDOMINIUMS ASSOCIATION,**<br><br>Defendant. | **ORDER GRANTING MOTION TO DECLARE ROBERT WOLLNER A VEXATIOUS LITIGANT**<br><br>(Not for Publication – Electronic Docketing ONLY) |

Before this Court is Defendant Spanish Hills Condominiums Association's ("Defendant") Motion to Declare Robert Wollner ("Plaintiff") a Vexatious Litigant ("Vexatious Litigant Motion").[1] The Court heard the Vexatious Litigant Motion on March 2, 2021 and granted the Vexatious Litigant Motion on the record.[2] This Order sets forth the Court's findings of fact and conclusions of law.

**A.    FINDINGS OF FACTS**

1.    On May 15, 2018, following a trial on the merits, the Arizona Superior Court, Maricopa County ("State Court") entered a Judgment of Foreclosure in Case No. CV2016-090516 (the "Foreclosure Case") in favor of the Defendant and against Plaintiff as to property located at 2423 East

---

[1] DE 27. "DE" references a docket entry in this adversary proceeding 2:20-ap-00195-DPC.
[2] DE 43.

Tracy Lane, #2, Phoenix, Arizona 85032 (the "Property"). The Property is legally described as follows:

> Unit 14 of THE SPANISH HILLS CONDOMINIUM, according to Declaration of Horizontal Property Regime recorded in Instrument No. 84-444140 and amended in Instrument No. 84-500270 and per map recorded in Book 273 of Maps, Page 34 in the office of the County Recorder of Maricopa County, Arizona,
>
> TOGETHER WITH a proportionate interest in and to the common areas, as set forth in said Declaration of Horizontal Property Regime and as shown on said plat.

2. On June 19, 2019, after exhausting all appellate options with the Arizona Court of Appeals and the Arizona Supreme Court, Plaintiff filed a separate action in the State Court under Case No. CV2019-053610 (the "Second State Court Case") seeking to re-litigate the merits of the Foreclosure Case, which the Defendant moved to dismiss with a simultaneous request that the State Court declare Plaintiff a vexatious litigant.

3. On October 17, 2019, the Honorable Lisa Daniel Flores granted Defendant's motion to dismiss, dismissing the Second State Court Case, but denying without prejudice the Defendant's request that Plaintiff be declared a vexatious litigant.

4. On December 9, 2019, Plaintiff moved for a temporary restraining order in the Foreclosure Case to prevent the Defendant from executing on its Judgment of Foreclosure. The State Court denied that request.

5. On January 24, 2020, after exhausting all appellate options to have the Judgment of Foreclosure overturned, Plaintiff filed a Chapter 7 bankruptcy in this Court under Case No. 2:20-bk-00841-DPC (the "Bankruptcy Administrative Case").

6. On January 29, 2020, Plaintiff filed a separate action in Maricopa Superior Court under Case No. CV2020-051091 (the "Third State Court Case") against the lawyers, Charles E. Maxwell and Brian W. Morgan, and law firm, the Law Firm of Maxwell & Morgan, who represented Defendant in the Foreclosure Case. The Third State Court Case sought to re-litigate the merits of the Foreclosure Case and asserted that Mr. Maxwell should not have made arguments or presented evidence that supported Defendant's claims in the Foreclosure Case. The Honorable Sally Schneider Duncan

dismissed the Third State Court Case. On August 25, 2020, Judge Duncan "[w]arned the Plaintiff on the dangers of being considered a vexatious litigant" if he continued "[t]o file lawsuits on the same merits that have been decided previously."[3]

7. On February 10, 2020, Plaintiff filed a separate action in Maricopa Superior Court under Case No. CV2020-051282 (the "Fourth State Court Case") against the same parties to the Third State Court Case and asserting the same allegations. After the State Court dismissed the Fourth State Court Case, Plaintiff appealed. The Arizona Court of Appeals dismissed that appeal.[4]

8. On February 19, 2020, Plaintiff filed a new action in State Court under Case No. CV2020-051478 (the "Fifth State Court Case") against the same parties in the Third State Court Case asserting the same allegations. The Fifth State Court Case was dismissed.

9. On February 24, 2020, Plaintiff commenced a bankruptcy adversary proceeding under Case No. 2:20-ap-00045-DPC (the "First Bankruptcy Adversary") seeking to re-litigate the merits of the Foreclosure Case. The Defendant moved to dismiss.[5]

10. In the Bankruptcy Administrative Case, on May 12, 2020, the Chapter 7 Trustee filed a Notice of Trustee's Intent to Abandon the Property[6] that required an objection and request for hearing within fourteen days of the mailing of the notice and stated: "If there is no timely written objection and request for hearing filed, no hearing will be held and the [P]roperty deemed abandoned without a court order having been entered." Plaintiff did not oppose this Notice nor did any other party in interest. The Property has been abandoned from this bankruptcy estate.

11. On May 26, 2020, the Court granted the Defendant's motion to dismiss[7] the First Bankruptcy Adversary, based on *res judicata* and the *Rooker-Feldman* doctrine because the issues raised had already been adjudicated on the merits in the Foreclosure Case.

---

[3] DE 27, Ex. 10 pg. 2.
[4] DE 27, Ex. 11.
[5] DE 1 in the First Bankruptcy Adversary.
[6] DE 27 in the Bankruptcy Administrative Case.
[7] DE 24 in the First Bankruptcy Adversary.

12. On July 17, 2020, Plaintiff commenced a new adversary proceeding under Case No. 2:20-ap-00195-DPC (the "Second Bankruptcy Adversary") seeking to re-litigate the merits of the Foreclosure Case and the First Bankruptcy Adversary. The Defendant moved to dismiss.[8]

13. In the Bankruptcy Administrative Case, on August 25, 2020, the Plaintiff received a Chapter 7 discharge.[9]

14. In the Second Bankruptcy Adversary, on December 21, 2020, the Plaintiff filed a Motion to Cancel, Expunge, Nullify and Invalidate the Order of Discharge[10] ("Motion to Expunge") and a Motion for Temporary Restraining Order[11] ("TRO"). In the TRO, the Plaintiff requested the Court stay the Defendant from executing on the State Court's Judgment of Foreclosure. In the Motion to Expunge, Plaintiff acknowledged that he "had no debts and owe[d] no money" other than the amounts owed to Defendant and, as such, Plaintiff did not actually want to receive a Chapter 7 discharge but instead "wishe[d] the automatic stay to remain . . ." in place to prevent the Defendant from executing on the Judgment of Foreclosure.

15. At a hearing on January 5, 2021, the Court addressed Defendant's request of an award of its attorney's fees incurred in the matter and for the Court to declare Plaintiff a vexations litigant.[12] The Court asked Defendant "[t]o file an application for [attorney's] fees and itemization of time records if [Defendant] is interested in pursuing the allegations."[13] The Court then ordered Defendant to file by January 19, 2021, an application for fees that identified the basis for the fees requested and any papers supporting the Vexatious Litigant Motion.[14]

16. On January 6, 2021, the Court granted the Defendant's motion to dismiss[15] the Second Bankruptcy Adversary. The Court also denied Plaintiff's TRO request and Motion to Expunge.[16]

---

[8] DE 1.
[9] DE 39 in the Bankruptcy Administrative Case.
[10] DE 15.
[11] DE 14.
[12] DE 7, pg. 6-9.
[13] DE 24.
[14] DE 24.
[15] DE 7.
[16] DE 24.

17. In the Second Bankruptcy Adversary, on January 11, 2021, Plaintiff filed a Motion to Deny Defendant's Request for Declaration that Wollner be Found a Vexatious Litigant[17] ("Motion to Deny"), which the Court denied as filed prematurely.[18]

18. In the Bankruptcy Administrative Case, on January 14, 2021, Plaintiff filed a Motion to Compel Production of Documents[19] ("Motion to Compel") requesting that Defendant provide a certificate of payment.

19. In the Second Bankruptcy Adversary, on January 19, 2021, the Defendant filed the Vexatious Litigant Motion[20] seeking the Court's declaration that Plaintiff is a vexatious litigant and requested an order preventing him from filing additional lawsuits, motions, and other filings absent express permission from the Court. The Defendant filed an Application for Amount of Attorney Fees Incurred[21] ("Application for Attorney's Fees") seeking an award of attorney's fees in an amount not less than $5,905 incurred in the defense of the Second Bankruptcy Adversary pursuant to Fed.R.Bankr.P. Rule 7054 and Fed.R.Civ.P. Rule 54(d)(2). The Plaintiff filed two responses[22] to the Application for Attorney's Fees but did not file a timely response to the Vexatious Litigant Motion.

20. On January 19, 2021, Plaintiff filed a new action in the State Court under Case No. CV2021-050149 (the "Sixth State Court Case") against the Defendant.

21. In the Bankruptcy Administrative Case, on February 1, 2021, Plaintiff filed a Motion for Sanctions Against Attorney Chad Gallacher[23] ("Motion for Sanctions") requesting the Court punish Mr. Gallacher for being dishonest and not cancelling the sheriff's execution sale against the Property.

22. On March 2, 2021, the Court denied Plaintiff's Motion for Sanctions, acknowledged Plaintiff's withdrawal of the Motion to Compel after Plaintiff acknowledged it was meritless, granted Defendant's Application for Attorney's Fees, and orally granted Defendant's Vexatious Litigant

---

[17] DE 26.
[18] DE 33.
[19] DE 41 in the Bankruptcy Administrative Case.
[20] DE 27.
[21] DE 31.
[22] DE's 39 and 40.
[23] DE 52 in the Bankruptcy Administrative Case.

| | |
|---|---|
| 1 | Motion.[24] At the hearing, the Court found Plaintiff was properly served with the Vexatious Litigant |
| 2 | Motion and the Application for Attorney's Fees.[25] Defendant's counsel was directed to file proposed |
| 3 | findings of fact and conclusions of law. He did so on March 8, 2021.[26] Plaintiff objected.[27] And |
| 4 | Plaintiff replied to that objection.[28] |

23. The Plaintiff's post-October 17, 2019 duplicative and harassing litigation in State Court and Bankruptcy Court was pursued by Plaintiff in bad faith and with an improper motive to harass, annoy and make the Foreclosure more costly for Defendant. Plaintiff's actions have caused the Defendant needless expense and have unnecessarily burdened this Court and the State Court. This Courts' imposition of a pre-filing restriction as a sanction on the Plaintiff for being a vexatious litigant is the only sanction available which will adequately protect the Court and the Defendant.

**B.    JURISDICTION**

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334.

**C.    CONCLUSIONS OF LAW**

The Court has the inherent power to impose sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.[29] When a Court seeks to impose pre-filing restrictions as a sanction against a vexatious litigant, it must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the [court] to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or vexatiousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."[30]

---

[24] DE 43.
[25] DE 43.
[26] DE 44.
[27] DE 45.
[28] DE 46.
[29] *Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004).
[30] *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *DeLong v. Hennessey,* 912 F.2d 1144, 1146–47 (9th Cir. 1990)).

The 9th Circuit has adopted the approach followed in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) in determining whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate.[31] The *Safir* court considered the following five substantive factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Plaintiff was given notice and an opportunity to oppose the Vexatious Litigant Motion, but he failed to do so timely.[32] Plaintiff did timely oppose the Defendant's proposed findings of fact and conclusions of law[33] but his opposition is not well taken.

As evidenced in Section A above, the Court has compiled a record of the six State Court cases, two bankruptcy adversary proceedings, one Bankruptcy Administrative Case, and great number of motions that predated the Vexatious Litigant Motion. The lion's share of this remarkable flood of duplicative and harassing litigation was filed after the State Court Judge Flores entered her October 17, 2019 refusal to find Plaintiff a vexatious litigant. Many of Plaintiff's filings occurred after State Court Judge Duncan warned him of the dangers of being declare a vexatious litigant. These filings since October 17, 2019 have caused needless expense to the Defendant and have posed unnecessary burdens on this Court and the State Court.

The Plaintiff admitted his filings of the Bankruptcy Administrative Case, the two bankruptcy adversary proceedings, and numerous motions, such as the TRO and Motion to Expunge, were filed with the intention of preventing the Defendant from executing on the State Court Judgment of Foreclosure.

---

[31] *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).
[32] DE 27, pg. 14 provides the Vexatious Litigant Motion was sent to Plaintiff through CM/ECF System as indicated under "Certificate of Service"; DE 36, Notice of Hearing on the Vexatious Litigant Motion; DE 38, pg. 1 provides the Notice of Hearing on the Vexatious Litigant Motion at DE 36 was sent to Plaintiff through first class mail.
[33] DE 43.

## D. CONCLUSION

For the reasons set forth above, and good cause appearing,

**IT IS HEREBY ORDERED** declaring Plaintiff, Robert Allen Wollner, a vexatious litigant.

**IT IS FURTHER ORDERED** that Plaintiff, Robert Allen Wollner, may not file any new pleadings, motions, or other documents in this Court without prior leave from this Court.

**IT IS FURTHER ORDERED** awarding the Defendant, Spanish Hills Condominiums Association, its reasonable attorneys' fees in the amount of $5,902.50 and costs in the amount of $72.00.

**DATED AND SIGNED ABOVE.**